UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HERACLIDES ROSARIO,

        Plaintiff,

        v.

PETE MASTERANTONIO, JR.,[1] et al.,

        Defendants.

**ORDER**
09-CV-0377F

---

On May 15, 2009, the Court (Hon. David G. Larimer) granted plaintiff permission to proceed *in forma pauperis*, denied plaintiff's motion for appointment of counsel, dismissed the claims against defendant Ellis, and directed service of the summons and complaint by the United States Marshals Service on the remaining defendants–Peter Masterantonio, Jr., Randy Banks, Michael Root, Thomas Hannah and Karen Weaver. (Docket No. 4).

On September 30, 2009, plaintiff filed a motion for a default judgment claiming that the defendants had not answered the complaint upon mailing of the summons and complaint to them. (Docket No. 7). On October 2, 2009, defendants Masterantonio, Root, Hannah and Weaver filed an answer to the complaint and a declaration by their counsel in opposition to the motion for a default judgment. (Docket Nos. 8-9). Plaintiff filed a reply to defendants' counsel's declaration. (Docket No. 9). Their has been no appearance to date by defendant Banks nor is there any indication in the record that he acknowledged

---

[1] Defendant Masterantonio, Jr., was mistakenly named in the complaint as "Pete Masterantonio, Jr." (Docket No. 8, Answer). The Clerk of the Court is hereby directed to amend the caption in this matter to reflect to correct spelling of this defendant's name–"Peter Masterantonio, Jr."--as set in the Answer.

service of the summons and complaint pursuant to N.Y.C.P.L.R. § 312-a.[2] For the reasons set forth below, plaintiff's motion for a default judgment is denied and the Clerk of the Court is directed to cause the United States Marshals Service to serve defendant Banks at the Southport Correctional Facility; the Facility counsel for the defendants has advised the Court where Banks is employed.

Plaintiff's Notice of Motion states that on August 17, 2009, he "mailed the complaint to the assigned Attorney General David G. Larimer,[3] Department of Law, State Capital, Albany, N.Y. 12224" and that defendants have defaulted by not responding to the complaint which was mailed on August 17, 2009. (Docket No. 7). His affidavit in support of the motion notes that on June 12, 2009, summonses were mailed to the defendants by the Court, and that he mailed the complaint to the assigned Attorney General David G. Larimer on August 17, 2009. Because defendants did not file an answer within 20 days of one of the two "mailings" noted in plaintiff's affidavit, plaintiff claims defendants were in default pursuant to Fed.R.Civ.P. 55. (Docket No. 7, Affidavit). Plaintiff did not request entry of default, pursuant to Fed.R.Civ.P. 55(a), prior to moving for a default judgment and he has not provided the Court with proof of service of the summons and complaint of any type with his motion, affidavit or reply, and there are no copies of any completed acknowledgments of service from the defendants filed with the Court.

---

[2]The U.S. Marshals Service in this District utilizes N.Y.C.P.L.R. § 312-a's Service by Mail procedure to serve summonses and complaints unless otherwise directed by the Court. This statute provides that service is not "complete" until the defendant complete and mails or delivers the acknowledgment of service to the sender. "The signed acknowledgment of service shall constitute proof of service." *Id*., § 312-a(b)(1).

[3]The Court notes that David G. Larimer, is a District Judge in this District whom issued the initial order in this matter. (Docket No. 4). Also, as of August 17, 2009, there had been no appearance by the New York State Attorney General's Office on behalf of any of the defendants in this matter.

Because an entry of default was not requested nor entered prior to making the motion for default judgment, which is a prerequisite to entry of a default judgment, plaintiff's motion for a default judgment must be denied. *See Dow Chem. Pacific Ltd. v. Rascator Maritime, S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *Hircsh v. Innovation Intern., Inc.*, 1992 WL 316143, *1 (S.D.N.Y. Oct. 19, 1992). Moreover, the decision as to whether or not a default judgment should be entered is left to the sound discretion of the district court. *See Shah v. New York State Dep't of Civil Service*, 168 F.3d 610, 615 (2d Cir.1999)). In deciding a motion for default a court should consider the following factors: 1) whether the default was willful; 2) whether defendants have a meritorious defense to plaintiff's claims; and 3) the level of prejudice the plaintiff would suffer as a result of the denial of the motion for default judgment. *See Mason Tenders District Council v. M & M Contracting & Consulting*, 193 F.R.D. 112, 114-15 (S.D.N.Y.2000). Based upon a review of these factors, it is clear to this Court that plaintiff is not entitled to a default judgment.

Defendants submitted an answer on October 2, 2009, which set forth meritorious defenses to plaintiff's claims. Moreover, plaintiff has not and cannot point to any prejudice he suffered as a result of defendants failure to file and serve an answer within 20 days after service of the summons and complaint, whenever that was. See N.Y.C.P.L.R. § 312-a(b)(1); n. 2, *supra*. Plaintiff's motion for a default judgment was filed just three days before all defendants, except Banks, filed and served their answer. There simply is no prejudice here. If the Court were to grant the motion for default, defendants would, in all likelihood, file a motion to vacate the default judgment and in light of the defenses presented and the lack of prejudice to the plaintiff, which the Court would most likely be inclined, if not obligated, to grant and vacate the default judgment. *See* 10 Moore's Federal Practice §

55.20[2][b] (one of factors courts have considered in determining whether to grant a default judgment is whether the court believes it would later be obligated to vacate the default judgment on defendant's motion); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n. 11 (2d Cir.1995) (referring to the factors in Moore's Federal Practice § 55.20[2] as "the appropriate factors that are to guide [a district court's] discretionary decision to enter a default judgment.")).

In the absence of an entry of default, the plaintiff's motion for a default judgment is denied. Additionally, there is no evidence of a wilful default on the part of the defendants nor of any prejudice to plaintiff. The defendants' answer sets forth meritorious defenses to plaintiff's claims of assault and inadequate medical care.

As noted, defendant Banks has not filed an answer to the complaint nor appeared in this action, but there is also no proof of service upon him of the summons and complaint pursuant to N.Y.C.P.L.R. § 312-a(b)(1). There is no completed acknowledgment of service on file with the Court. Simply being mailed a copy of the summons and complaint pursuant to § 312-a is not "service." Service is not complete until the defendant has returned a completed acknowledgment of service to the sender. *Id.*, § 312-a(b)(1). In the absence of any evidence of service on Banks,[4] the Court will direct the Clerk of the Court to again cause the United States Marshals Service to serve the summons and complaint on Banks.

IT IS HEREBY ORDERED that plaintiff's motion for a default judgment (Docket No. 7) is denied.

---

[4]Receipt by plaintiff of a colored copy of the Marshal's Receipt and Return of Service Form (USM-285) simply indicates that the Marshals Service mailed the summons and complaint to the defendant.

FURTHER, the Clerk of the Court is directed to cause the United States Marshals Service to serve the summons and complaint on defendant Randy Banks at the Southport Correctional Facility. To expedite service, the Clerk of the Court is directed to complete and issue the summons forthwith and complete the Marshal's Process Receipt and Return Form. Banks, pursuant to 42 U.S.C. § 1997e(g)(2), is directed to answer the complaint.

FURTHER, the Clerk of the Court is directed to amend the caption of this matter to reflect the correct spelling of the name of defendant "Peter Masterantonio, Jr."

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: November 3, 2009
Buffalo, New York