UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————

HERACLIDES ROSARIO,

        Plaintiff,

        -v-

PETER MASTRANTONIO, JR., et al.

        Defendants.

———————————————

-PS-O-

DECISION AND ORDER
09-CV-0377F

On April 20, 2009, plaintiff, an inmate who was incarcerated at the Wende Correctional Facility, filed a *pro se* complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*, which was granted by the undersigned on May 15, 2009. Plaintiff's application to proceed *in forma pauperis* included a prison certification which certified that plaintiff had a balance of $45.15 in his inmate account. (Docket No. 2). Prior to filing this action plaintiff had entered into a Stipulation and Order of Settlement with defendants in a earlier filed action (*Rosario v. Brenzo, et al.*, 06-CV-0283F), which provided, in part, that plaintiff would receive the net sum of $45,000 to be deposited into plaintiff's inmate facility account within 120 days after "approval" of the Stipulation and Order of Settlement by the Court and receipt by defendants' counsel of a copy of the fully executed "So-Order" Stipulation and Order of Settlement. The Stipulation and Order of Settlement was entered on May 12, 2009.

At the time of granting of the application to proceed *in forma pauperis* the undersigned was not aware of the Stipulation and Order of Settlement in *Rosarion v. Brenzo* inasmuch as the case was assigned on consent to United States Magistrate Judge Leslie G. Foschio. The Court's Pro Se Office

recently contacted plaintiff's current facility, Southport, to ascertain the amount of money in plaintiff's inmate facility account and when the proceeds of the settlement were deposited. The court was informed that $45,000 was deposited on September 9, 2009, and that there is a current balance of $7,839.00 in the account. Based upon the settlement and current balance in plaintiff's inmate facility account the Court hereby revokes plaintiff's *in forma pauperis* status. The Court notes that since the filing fee in this action has been withdrawn from plaintiff's inmate facility account and deposited with the Court on December 2, 2009, *see* 28 U.S.C. § 1915(b), it will not direct plaintiff to submit the filing fee to the Court.

Status to proceed *in forma pauperis*, once granted, is not intended to be insulated from further consideration. *See Assad-Faltas v. University of South Carolina*, 971 F.Supp. 985 (D.S.C.1997). "Because 28 U.S.C. § 1915(a) only authorizes the court to waive prepayment of fees and costs, a court may reexamine a plaintiff's pauper status if his financial conditions change." *Holman v. Thompson*, No. 90 C 457, 1992 WL 142349, at *4 (N.D.Ill. 1992) (citing *Wiideman v. Harper*, 754 F.Supp. 808, 809 (D.Nev.1990); *Carter v. Telectron, Inc.*, 452 F.Supp. 939 (S.D.Tex.1976). In *Holman*, the court was confronted with the identical situation here: after granting plaintiff permission to proceed *in forma pauperis*, the court became aware that plaintiff had received a significant sum of money ($15,786.80) for the settlement of an earlier lawsuit. After determining that it had the authority to revisit plaintiff's poor person status, it determined that plaintiff's receipt of the settlement proceeds "significantly change[d]" his financial condition and that he then had sufficient assets to pay the filing fee. The court therefore revoked plaintiff's poor person status and directed plaintiff to pay the filing fee or show cause why he could not pay the fee.

Accordingly, because plaintiff's financial condition has changed since the granting of his application to proceed *in forma pauperis* and because he has sufficient funds to pay the filing fee, plaintiff's poor person status is hereby revoked.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: February 23, 2009
Rochester, New York